UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SANDRA GREGG,                                                                    3:13-cv-1215-TC

                    Plaintiff,

                                                   FINDINGS & RECOMMENDATION

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

COFFIN, Magistrate Judge:

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

    Plaintiff asserts disability beginning July 20, 2008, due to left shoulder arthritis, degenerative disc disease, left knee osteoarthritis, obesity, depression, and pain disorder. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in his overall determination of plaintiff's residual functional capacity in that he improperly rejected two examining physicians and improperly rejected limitations associated with obesity. Plaintiff also contends that the ALJ erred in providing an incomplete hypothetical to the vocational

Page 1 - FINDINGS & RECOMMENDATION

expert and in relying on erroneous vocational expert testimony.

A.      Examining Physician Opinion and Hypothetical to the Vocational Expert

   1.      Dr. Douglas Lieuallen

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Lieuallen. Dr. Lieuallen examined plaintiff on November 22, 2011, at the request of the Social Security Administration. He opined that plaintiff is

> disabled from many kinds of gainful employment. She cannot, sit, stand [or] walk for any distance. She has to frequently change position. Her shoulder problems limit her ability to work in her chosen field of employment as a hairdresser. Her back problems and left leg problems preclude work in any other kind of an occupation.

Tr. 500. Dr. Lieuallen further opined that plaintiff could only lift and carry 10 pounds occasionally, requires the use of cane to ambulate and can never perform reaching activities. Tr. 501-03.

The ALJ rejected Dr. Lieuallen's opinion for a number of reasons: (1) he did not review the entire medical record which, the ALJ found, shows plaintiff misled him about the kind and frequency of pain in her lumbar spine;[1] (2) he was unaware of plaintiff's extensive vigorous activities including intermittent work; (3) he failed to resolve an inconsistency in his own report of, on the one hand, pronounced limitations in plaintiff's lumbar spine and bilateral lower extremities and, on the other hand, findings of non-anatomical signs or possible volitional weakness; and (4) an examining psychologist also found plaintiff to exhibit excessive pain behavior at about the same time as Dr. Lieuallen's exam. Tr. 20; 499 (Lieuallen states whether left side weakness is due to pain or actual weakness is unclear); 16 (ALJ lists inconsistencies in plaintiff's reported work activity indicating work as late as November of 2011); 18-19 (ALJ lists vigorous activities engaged in by plaintiff such

---

[1] It should be noted that the ALJ found plaintiff to lack credibility regarding her alleged limitations. A finding that plaintiff does not challenge.

Page 2 - FINDINGS & RECOMMENDATION

as jacking up her car and removing studded tires, feeding goats and trimming hooves, operating a fence post driver, walking to the emergency room two days after suffering an ankle injury, carrying sheets of plywood, fishing and climbing on a haystack); 512 (examining psychologist Dr. Michelle Whitehead notes that plaintiff has excessive pain behavior). As plaintiff suggests, the ALJ has a duty to develop the record and does not explain if plaintiff's medical records were provided for Dr. Lieuallen's review. But, the ALJ does provide other clear and convincing reasons for rejecting Dr. Lieuallen's opinion especially in light of the substantial evidence of plaintiff's exaggerated pain behavior and vigorous physical activity. See, e.g., Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (lack of substantial evidence to support physician opinion in light of contrary work abilities provided sufficient reasoning for rejecting the opinion).

2. Dr. Michelle Whitehead

Dr. Whitehead opined that plaintiff struggles with concentration and focus, but has adequate persistence with average pace. Tr. 514. Dr. Whitehead thus found plaintiff to have moderate limitations with respect to understanding, remembering and carrying out complex instructions as well as moderate limitations on the ability to make judgments on complex work-related decisions. Tr. 515. The ALJ accepted Dr. Whiteheads assessment, but plaintiff argues that the ALJ failed to account for the limitations regarding complex work-related decisions in the hypothetical to the vocational expert. However, the ALJ did limit plaintiff to only remembering and carrying out simple instructions (Tr. 20) and the hypothetical to the vocational expert, thus limited, resulted in an opinion of an ability to do unskilled jobs. Tr. 25. Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. 20 C.F.R. § 416.958(a). Accordingly, the ALJ did account for the limitations noted by Dr. Whitehead.

B.  Obesity

Plaintiff asserts the ALJ failed to account for her obesity despite finding it to be a severe impairment at step two of the evaluation. Plaintiff, however, conflates the ALJ's finding of some limitation associated with obesity at step two with his asserted limitations in ambulation. While it is true that Dr. Whitehead did state, after a psychological evaluation, that plaintiff's capabilities of ambulation "are affected" due to chronic pain and obesity[2] (Tr. 516), the record does not demonstrate the extent of such limitation. The ALJ appropriately considered limitations related to plaintiff's obesity and determined that no medical source found a need to aggressively treat plaintiff's obesity beyond simply recommending weight loss. Tr. 23. The ALJ found no evidence to suggest that obesity limits plaintiff's range of motion or reduces her physical or mental ability to function. Tr. 23. Because the record does not establish any functional limitation not accounted for by the ALJ's residual functional analysis, the ALJ did not err in accounting for plaintiff's obesity.

C.  Vocational Expert Testimony

Plaintiff argues that the ALJ relied on erroneous vocational expert opinion because even though he limited plaintiff with respect to "overhead reaching," the vocational expert identified jobs that require "frequent reaching" according to the Dictionary of Occupational Titles.

In making disability determinations, the Social Security Administration relies primarily on the Dictionary of Occupational Titles for information about the requirements of work in the national economy. SSR 00-04p at 2; <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153 (9th Cir. 2007). The

---

[2]Dr. Lieuallen did state that plaintiff requires a cane to ambulate (Tr. 502) but did not tie this to obesity and, as noted above, the ALJ rejected Dr. Lieuallen's opinion.

Page 4 - FINDINGS & RECOMMENDATION

Commissioner may also rely on testimony from vocational experts, which should be consistent with the Dictionary of Occupational Titles, although neither trumps the other when there is a conflict. Massachi, 486 F3d at 1153. SSR 00-4p explicitly requires that the ALJ determine whether the vocational expert's testimony deviates from the Dictionary of Occupational Titles and whether there is any reasonable explanation for any deviation. Id. Only after determining whether the vocational expert has deviated from the Dictionary of Occupational Titles and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination. Id. at 1153–54.

In this case, there is no conflict to resolve. The Dictionary of Occupational Titles is silent with respect to the type of reaching involved in the jobs identified in that it only identifies "reaching" in general. See Ketelboeter v. Astrue, 550 F.3d 620 (9th Cir. 2008) (DOT description of frequent reaching does not conflict with hypothetical limitation regarding overhead reaching). Accordingly, the ALJ did not err.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be affirmed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections

to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 21 day of July, 2014.

THOMAS M. COFFIN
United States Magistrate Judge